FILED

SEP 09 2022

DUVAL CLERK OF COURT

IN THE CIRCUIT COURT FOURTH
JUDICIAL CIRCUIT, IN AND FOR
DUVAL COUNTY, FLORIDA

Alonzo O. Cole
   Plaintiff
        V.                    CASE NO: 21-CA-5362
CITY OF JACKSONVILLE   DIV: CV-D
      And
ARMOR HEALTH

## Amended Complaint
### 42. U.S.C § 1983

Plaintiff, Alonzo O'Neal Cole, to sue defend-
ant "City of Jacksonville" & Armor Health.

This is an action for damages seeking
$5,000,000.

The defendants "City of Jacksonville" and
Armor Health, who is a Corporation organi-
zed and existing under the laws of Florida
doing business at 501 E. Bay St, Jackson-
ville, Florida 32202; is a private entity sub-
contractor with the Jacksonville Sheriff's
Office.

(1)

## 42 U.S.C. § 1983
## STATEMENT OF FACTS

1. This suit is brought by the plaintiff for Medical Negligence and deliberate in-difference.

2. I am representing myself in this case and is only aware of my claim.

3. The plaintiff raises an issue of medical negligence and deliberate indifference stating a claim that his rights were violated under the 8th Amendment "cruel and unusual pun-ishment inflicted", And 14th Amendment "due process" and "equal protection of law".

Covid-19 spreads because the droplets can land in the mouths or noses of people who are nearby or can be inhaled into the lungs, spread is more likely when people are in close contact w/ one another (within about six feet) CDC also indicates that certain classes of individuals are at higher risk of severe illness if exposed to Covid19 including people w/ moderate to severe asthma in which the plaintiff has been diagnosed as a chronic asthma patient since birth. The plaintiff caught covid virus in July of 2020 before Armor Health decided to do testing. ②

So by the time the test was administered the plaintiff's results came back negative. While the plaintiff had the virus he experienced pain and suffering such as: severe head-aches, chest pain, shortness of breath, aching bones, chills, hot & cold spells and sore throat.

During that period JSO only allowed two inmates to a cell for 90 days. Once the 90 days were up JSO started mandating three inmates to a cell again. Thus violating CDC mandate to practice Social-distancing.

IN Bell v. Wolfish 441 U.S. 520, 535, 99 Ct 1861, 60 L.Ed. the Supreme Court held that crowding and other living conditions constitute punishment of detainees if they inflict "genuine privations and hardships over an extended period of time". Courts applying Bell have intervened in many cases of inhumane jail conditions. Particularly oppressive conditions that have been held unconstitutional generally resemble those that have also been held to violate the 8th Amendment. Butler v. Fletcher, 465 F.3d 340, 344-45 (8th Cir. 2006) has been held to principles of "Safety & general Well-being" which is the deliberate indifference Standard.  ③

The "State of emergency" update was posted on our tablet and SSO's website on 4-27-2020 which stated that Jacksonville's Sheriffs Office would increase their sanitation efforts and provide us with exchanging of clothes and linen. However, there has been several times where the plaintiff has went weeks w/o changing clothes or linen and not being provided adequate sanitation supplies.

By 6-21-20 there was another notification on the tablet from The Florida Department of Health about the first cases reported in the county jail and the measures they would take to prevent further outbreaks such as: increased sanitation, minimum movement, conduct testing on current inmates, test inmates upon entry, and 14 day quarantine for those who refuse testing. The plaintiff argues that if all these measures were in place back in April 2020 when SSO initially notified us, the number of cases and deaths could've been prevented. See Benjamin v. Horn, 343 F.3d 35, 31 (2d Cir 2003) holding that deliberate indifference "could be presumed from an absence of reasonable care" in detainees cases.

④

While the Jacksonville Sheriff's Office efforts to prevent an outbreak were mediocre at best the surge started to slow down once they began to enforce FDOH mandate. JSO started conducting court via zoom which kept us from being in crowds with other inmates who may have recently come off the streets. They also slowed down inmate movement which prevented us from coming into contact with several other officers and outside venders.

However, in June of 2021 JSO opened the Courts back up and started allowing regular movement again and the number of infected inmates rose significantly, thus putting the Plaintiff at risk to contracting the virsus again. As of July 27, 2021 all floors are locked down due to detainee's catching Covid 19. The plaintiff's entire dorm is infected and JSO along with Armor Health has failed to do mandatory testing which would separate the sick from the non-sick. Yet, JSO and Armor Health are so concerned with keeping things hush-hush that they are putting the plaintiff's life in jeopardy. By August 2, 2021 the plaintiff and several other inmates tested positive for Covid 19-

⑤

Delta variant and the plantiff's dorm was placed on quarantine preventing the Plaintiff from attending an important Court hearing in his criminal case (see Exhibit:A). The plaintiff strongly believes that he contracted the new Covid Stran due to having to share an asthma inhaler with at least 50 other inmates. Originally, the plaintiff had a personal inhaler for Alvasco since his incarceration of 2018. However, during the peek of the new covid surge Armor Health mandated through it's "providers" i.e. Head Doctors, that the Alvasco inhaler no longer is K.O.P. (keep on person) and that it must be used off the med-cart during Med-call putting the plain-tiff at a higher risk of catching the new Variant. As the seriousness of the Virus con-tinued to wreak havoc the plaintiff sent in several sick-calls inquiring about the need to have his own inhaler. The plaintiff also spoke w/ several nurses about the issue in which all of them agreed that all of us inmates should have our own inhaler but their superiors (Armor Health) are turning a blind eye about the situation when they bring up the topic. In Wilkerson V. Utah The elementry principles establish the

See Exhibit:B

(6)

governments obligation to provide medical care for those whom it is punishing by incarceration. An inmate must rely on prison authorities to treat his medical needs; if the authorities fail to do so, those needs will not be met. In the worst cases, such a failure may actually produce physical torture or a lingering death", In less serious cases denial of medical care may result in pain & suffering which no one suggests would serve any penological purpose. The infliction of such unnecessary suffering is inconsistent w/ contemporary standards of decency as manifested in modern ligislation.

A week into the mandate of using the inhaler off the med-cart, the plaintiff began experiencing the same symtoms he had when he first caught Covid but much worst. The Alvasco inhaler the plaintiff shares is never sanitized and is a carrier of the virus which is being spreaded throughout this county Jail. The City of Jacksonville and Armor Health care in direct violation of the Plaintiff's 14th Amendment of Due Process which is established under U.S. Supreme Court cases Brady V. Maryland 373 U.S. 83 (1963), Kyles V. Whitley, 514 U.S. 419 (1995) and Stricker V.    ⑦

Greene 527 U.S. 263.

Failing to provide the plaintiff with personal inhalers and Protecting the plaintiff from further infection during the pandemic falls under deliberate indifference (See Perez v. Fen-oglio 792 F.3d 768, Cope v. Cadgill 2021 U.S. App. 19884, Strain v. Regalado, 977 F.3d 984.

Most courts have held that detainee's due process claims involving medical care and protection from inmate-on-inmate assualt are governed by the 8th Amendment deliberate indifference standard, which requires the plaintiff to show that the defendant have disregarded a risk of which they have act-ual knowledge. See Caiozzo v. Koreman, 581 F.3d 63, 72 (2d Cir. 2009); Ford v. County of Grand Traverse, 535 F.3d 483, 495 (6th Cir. 2008); Hartsfield v. Colburn, 491 F.3d 394, 396 (8th Cir. 2004); Young v. City of Mt. Ranier, 238 F.3d 567, 546 (4th Cir. 2001) See Ch. 2 A.2, G. 1a Concerning these standards.

④ My claims are that the City of Jacksonville responsible for the plaintiff catching Covid19 by not following CDC mandate to prevent an outbreak. The courts has held that "In Challenge by pretrial detainees asserting a pro-

⑧

tracted failure to provide safe prison conditions, the deliberate indifference standard does not require the detainees to show anything more than "actual or imminent harm". See Benjamin V. Horn 343 F.3d 35, 31 (2d Cir. 2003). In a later case the second Circuit Characterized Benjamin as holding that deliberate indifference "could be presumed from absence of reasonable care" in detainees cases. Iqbal V. Hasty, 490 F.3d 143, 169 (2d Cir. 2004) aff'd in part, rev'd in part, and remanded on other grounds sub nom.

(5) The plaintiff also asserts Armor Health is responsible for him catching Covid 19 Dealta Variant by sharing an inhaler with several other inmates. Therefore, the plaintiff seeks punitive damages for pain and suffering. See Boretti v. Wiscomb, 930 F.2d 1150, 1154-55 (6th Cir. 1991); Hathaway v. Coughlin, 841 F.2d 48 (2d Cir. 1988)

(6) The plaintiff can fairly and adequately represent himself pro se.

(7) This case is properly suitable to be pushed pursuant to Florida Statue of limitations of any civil case claims.

(8) As a result of the acts the plaintiff has suffered from mental anguish, future

(9)

health issues, emotional stress, and respiratory discomfort.

Wherefore, Plaintiff request to be awarded

① punitive damages in the amount of $100,000

② Compensatory Damages of $5,000,000

③ nominal damages of $50,000.

④ All fees of this case be charged to the defendant.

⑤ And any other relief the Court deems proper to remedy this claim

Dated September 6, 2022

Respectfully Submitted,

s/ Alonzo Cole

Alonzo O. Cole
Jail NO. 2018026394
500 E. Adams St.
JAX, FI 32202

⑩

## CERTIFICATE OF SERVICE

I HEREBY certify that a true and correct copy of the foregoing has been furnished by U.S. Mail to Mr. Clerk, Court Operations Supervisor, Duval County Clerk of Courts - Circuit Civil Dept. at this address 501 W. Adams St. Room 1054, Jacksonville, Fl 32202 and Craig D. Feiser, Assistant General Counsel Bar No. 164593, 117 W. Duval Street, Suite 480, Jacksonville Fl 32202. on this 6th day of September 2022.

11

| Line / Document | Count | Effective Entered | Description | Pages | Image |
|---|---|---|---|---|---|
| 161 D162 | -- | 4/7/2021 4/8/2021 | RECEIPT FOR CIVIL PROCESS, JAIL, WARRANTS | 1 | Available VOR, User exempt |
| 162 D163 | -- | 4/7/2021 4/8/2021 | RECEIPT FOR CIVIL PROCESS, JAIL, WARRANTS | 1 | Available VOR, User exempt |
| 163 | -- | 4/27/2021 4/27/2021 | JUDGE BLAZS, KEVIN | | |
| 164 | -- | 4/27/2021 4/27/2021 | ASST. STATE ATTY. BROWN, COREYLYN CRAWFORD | | |
| 165 | -- | 4/27/2021 4/27/2021 | ATTY. FOR DEF. WILLIAMS, CHARLES MICHAEL | | |
| 166 | -- | 4/27/2021 4/27/2021 | DEFENDANT PRESENT IN JAIL | | |
| 167 | -- | 4/27/2021 4/27/2021 | PRETRIAL 07/20/2021 9:00 AM - 508 5TH FLOOR, 501 W ADAMS ST JACKSONVILLE FL 32202 | | |
| 168 D169 | -- | 6/18/2021 6/18/2021 | DEFT'S MOTION TO APPOINT PRIVATE INVESTIGATOR | 2 | Available VOR, User exempt |
| 169 | -- | 7/20/2021 7/20/2021 | JUDGE BLAZS, KEVIN | | |
| 170 | -- | 7/20/2021 7/20/2021 | ASST. STATE ATTY. BROWN, COREYLYN CRAWFORD | | |
| 171 | -- | 7/20/2021 7/20/2021 | ATTY. FOR DEF. WILLIAMS, CHARLES MICHAEL | | |
| 172 | -- | 7/20/2021 7/20/2021 | DEFENDANT PRESENT IN JAIL | | |
| 173 | -- | 7/20/2021 7/20/2021 | PRETRIAL 08/06/2021 9:00 AM - 508 5TH FLOOR, 501 W ADAMS ST JACKSONVILLE FL 32202 | | |
| 174 | -- | 8/6/2021 8/6/2021 | JUDGE BLAZS, KEVIN | | |
| 175 | -- | 8/6/2021 8/6/2021 | ASST. STATE ATTY. BROWN, COREYLYN CRAWFORD | | |
| 176 | -- | 8/6/2021 8/6/2021 | ATTY. FOR DEF. WILLIAMS, CHARLES MICHAEL | | |
| 177 | -- | 8/6/2021 8/6/2021 | DEFENDANT APPEARANCE WAIVED | | |
| 178 | -- | 8/6/2021 8/6/2021 | > COVID QUARANTINE | | |
| 179 | -- | 8/6/2021 8/6/2021 | OTHERS PRESENT: J ROCKWELL FOR M WILLIAMS | | |
| 180 | -- | 8/6/2021 8/6/2021 | PRETRIAL 09/16/2021 9:00 AM - 508 5TH FLOOR, 501 W ADAMS ST JACKSONVILLE FL 32202 | | |
| 181 | -- | 8/25/2021 8/25/2021 | TRIAL ASSISTANT STATE ATTORNEY CHANGED TO Skinner, Daniel E PER SAO | | |
| 182 D183 | -- | 8/27/2021 8/27/2021 | MOTION TO DISCHARGE COUNSEL AND REQUEST SELF-REPRESENTATION | 3 | Available VOR, User exempt |

This page has been marked

**SECURED**